UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 08-256 |
| CLYDE SISTRUNK | SECTION "A" |

## ORDER

Before the Court is petitioner Clyde Sistrunk's **Motion for Reconsideration** of the Court's October 12, 2012, Order (Rec. Doc. 92) denying petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255. (Rec. Doc. 78). The United States filed a **Memorandum in Opposition** to the Motion for Reconsideration (Rec. Doc. 96), to which Sistrunk responded. (Rec. Doc. 97). The order of which Sistrunk seeks reconsideration fails to expressly mention two of Sistrunk's prior motions, his **Motion to Supplement Record & Replication to the USA's Joinder** (Rec. Doc. 90) and **Motion to Supplement the Pleadings with Newly Discovered Evidence** (Rec. Doc. 91) (herein, "Supplemental Motions"). Each issue will be specifically addressed herein. Because the Court finds that the Supplemental Motions fail to constitute new evidence or information meriting the Court's reconsideration of its previous order, the Motion for Reconsideration is DENIED.

### Statement of the Case

Clyde Sistrunk was arrested on September 24, 2008, after he attempted to deliver 200 units of 3,4-methylenedioxymethamphetamine (MDMA) to an individual cooperating with law enforcement officers. A subsequent search of his home produced 4,452 MDMA doses. (Rec. Doc. 42). According to the factual basis, Sistrunk admitted, in a post-Miranda statement, that these 4,452 doses were part of a larger original shipment of 50,000 doses

1

he received shortly after Hurricane Gustav. Id. On October 2, 2008, Sistrunk was indicted by a grand jury for one count of possession with intent to distribute a quantity of MDMA. (Rec. Doc. 7). On April 7, 2009, Sistrunk pleaded guilty to the indictment, and he and his counsel signed the factual basis. He did not enter into a plea agreement, thereby maintaining his right to appeal. (Rec. Doc. 56).

On September 1, 2009, Sistrunk came before the district court for sentencing. Sistrunk stated that he wanted to pursue his right to trial rather than plead guilty. He also claimed that he had asked his counsel, George Chaney, Jr. ("Chaney"), to withdraw his guilty plea. (Rec. Doc. 57). The Court denied this motion, finding that Sistrunk's guilty plea was knowing and voluntary and that he waived his right to trial. Id. at 13-15. Sistrunk was sentenced to 216 months imprisonment as to Count 1. (Rec. Doc. 51). The sentence was within the advisory guideline range of 188-235 months. (Rec. Doc. 57 at 16).Sistrunk appealed to the United States Fifth Circuit Court of Appeals. He challenged the district court's denial of his oral motion to withdraw his guilty plea as an abuse of discretion, and contended that he was deprived of his Sixth Amendment right to counsel. On November 18, 2010, Sistrunk's conviction was affirmed. Id. The United States Supreme Court denied Sistrunk's writ of certiorari on March 22, 2011. (Rec. Doc. 73).

Sistrunk subsequently filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on March 22, 2012, raising the following claims: (1) That he was denied his Sixth Amendment right to retain counsel of his choice; (2) That the court violated his due process rights when it failed to order a competency hearing; (3) That his guilty plea was induced by physical duress and threats of being charged with additional crimes; and (4) That ineffective assistance of counsel played a part in the aforementioned claims. (Rec. Doc.

78).

After submitting this motion to vacate, Sistrunk filed two additional motions on September 27, 2012: A Motion to Supplement Record & Replication to the USA's Joinder (Rec. Doc. 90), and a Motion to Supplement the Pleadings with Newly Discovered Evidence. (Rec. Doc. 91). Without expressly mentioning these motions, the Court issued an Order denying Sistrunk's motion to vacate (Rec. Doc. 93). The Court will now consider these supplemental motions in turn. Finding that neither motion contains new information relevant to Sistrunk's conviction, the Court denies Sistrunk's Motion for Reconsideration.

## **Issues Presented in the Supplemental Motions**

In his first motion, the Motion to Supplement Record and Replication to the USA's Joinder (Rec. Doc. 90), Sistrunk reasserts his previous arguments and also relies on a response from Sistrunk's former attorney, Chaney, to a disciplinary complaint filed by Sistrunk. The "new" information Sistrunk alleges is:

1. That Chaney and the Assistant United States Attorney who prosecuted Sistrunk, Emily Greenfield, offer different explanations for why he was moved from St. Tammany Parish jail to the St. Charles Parish jail;

2. That Greenfield offered an "incredible" explanation for this removal; namely, that the removal stems from a warrant for the drug charge from his conduct on or about September 24, 2008. Sistrunk asserts that the St. Charles Parish docket number of 09-0219 cannot reflect the 2008 drug charge;

3. That Chaney has offered contradictory assessments of Sistrunk's mental state; Chaney submits to the disciplinary board that he had "no concern about [Sistrunk's] mental competency or his ability to understand or participate in the legal process," despite his

3

statements in court at sentencing that he had "real concerns about [Sistrunk's] mental stability... I have had periods where the things that [Sistrunk] is describing don't make sense to me." (Rec. Doc. 57). Sistrunk argues that these submissions entitle him to an evidentiary hearing to determine the voluntariness of his guilty plea. (Rec. Doc. 90).

Attached to Sistrunk's second motion, the Motion to Supplement the Pleadings with Newly Discovered Evidence (Rec. Doc. 91), is a letter from Sistrunk's former attorney, Chaney, to the Louisiana Attorney Disciplinary Board to support the contentions made in the Motion to Supplement Record and Replication to the USA's Joinder. (Rec. Doc. 90).

## **Analysis of Supplemental Motions**

While the Court notes that new documentation has been submitted, it finds that the evidence contained therein only reiterates Sistrunk's prior arguments, which this Court and the Fifth Circuit have already rejected.

Sistrunk's first and second submissions are related: For whatever reason, Sistrunk was moved from St. Tammany to St. Charles Parish jail. Assuming these facts relevant, they go to Sistrunk's contention that this movement was part of an ongoing conspiracy between the government and a St. Charles Parish police officer to torture him and induce a guilty plea. However, the record reflects that at no time before sentencing did Sistrunk make any claims that he was tortured or denied his rights. (Rec. Doc. 57 at 6-7; transcript of Sistrunk's sentencing in which he first alleges a conspiracy).

In fact, when Sistrunk entered his guilty plea, he was asked an extended series of questions related to his indictment and his understanding of a guilty plea. (Rec. Doc. 52). Sistrunk at no time asked for clarification of the indictment or expressed any confusion or doubt related to his guilty plea. (Rec. Doc. 52 at 4-7). Sistrunk was given

4

multiple opportunities at that hearing to ask questions of his attorney, the Assistant United States Attorney, and the Court. (Rec. Doc. 52 at 17). At no time did Sistrunk make any accusations of torture or trickery, despite being explicitly asked about any inducements to his plea. (Rec. Doc. 52 at 18). Further, Sistrunk seemed willing to engage the Court on other matters, making a lengthy personal statement at his Rearraignment. (Rec. Doc. 52 at 9-15). It was apparent that Sistrunk was comfortable talking to the Court, and while he had ample opportunity to voice concerns about his counsel or his treatment in jail, he did not.

In relation to Sistrunk's allegations of a police conspiracy between federal and local agents, Sistrunk rejects Assistant United States Attorney Greenfield's explanation that the St. Charles Parish charges stemmed from the same September 2008 events giving rise to the federal charges. Sistrunk's alleged "proof" that the case number (09-0219) of his St. Charles Parish charge cannot reflect the September 2008 charge is unpersuasive. State charges under La. Rev. Stat. § 40:966(A)(1) for drug distribution may be brought within six years of the date of the offense. La. Code Crim. Pro. art. 572. Not only is Sistrunk's observation regarding the case number not "new" evidence, but his observation that both the federal charge and the state charge were brought by Deputy Breedy actually supports the Assistant United States Attorney's assertion that the charges stem from the same event. (Rec. Doc. 96).

Finally, Sistrunk's third contention that his former counsel, Chaney, made inconsistent statements regarding Sistrunk's mental health are unpersuasive. Chaney's statement that he had "no concern about [petitioner's] mental competency or his ability to understand or participate in the legal process," does not contradict the statement

Chaney made in open court that he had "real concerns about [petitioner's] mental stability" and that there were "periods where the things that [petitioner] is describing don't make sense to me." (Rec. Doc. 57). Chaney's statements at Sistrunk's sentencing reflect that he was concerned with Sistrunk's mental health in dealing with possible drug addiction, grief, and anger (Rec. Doc. 57 at 24-25), personality issues that perfectly competent individuals struggle with and that oftentimes lead to criminal behavior in the first place. The Court rejects Sistrunk's contention that any mental instability equals incompetency to participate in legal proceedings.

Accordingly, the Court finds that Sistrunk's supplemental motions contain no new information relevant to his Motion for Reconsideration.

## **Motion for Reconsideration**

The Fifth Circuit treats a motion for reconsideration challenging a prior judgment as a motion "to alter or amend" under Federal Rule of Civil Procedure 59(e) when it is filed within twenty-eight days of the judgment. United States v. Joiner, No. 06-338, 2011 WL 2793212 (E.D. La. July 14, 2011). Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence. Id. at 479; see also Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003).

The Fifth Circuit has held that a motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Id. at 478-79. Nor should it be used to "re-litigate prior

6

matters that . . . simply have been resolved to the movant's dissatisfaction." <u>Voisin v. Tetra Technologies, Inc.</u>, No. 08-1302, 2010 WL 3943522 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error in law or fact. <u>Schiller</u>, 342 F.3d at 567; <u>Ross v. Marshall</u>, 426 F.3d 745, 763 (5th Cir. 2005).

Sistrunk filed his motion twenty-four days after judgment was entered, and therefore the motion is to be treated as a motion to alter or amend under FRCP 59(e). Because the Court has found that Sistrunk has submitted no new evidence that could possibly effect the judgment in his case, nor has there been an intervening change in controlling law or a manifest error in law or fact, there is no reason to reconsider Sistrunk's motion to vacate his sentence under 28 U.S.C. § 2255.

Accordingly;

**IT IS ORDERED** that petitioner Clyde Sistrunk's **Motion for Reconsideration** of the Court's October 12, 2012, Order (Rec. Doc. 93) is hereby **DENIED**.

New Orleans, Louisiana, March 14, 2013.

_____
Judge Jay C. Zainey
United States District Judge